UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARGARET DOWDELL, on behalf of herself,
MICHELLE SHRIKI, on behalf of herself, her
family and all others similarly situated,

                      Plaintiffs,

- against -

JOHN E. IMHOF, as Commissioner of the Nassau
County Department of Social Services,

                      Defendant.
------------------------------------------------------------X

**ORDER**
10-CV-1332 (SJF)(ARL)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ MAR 19 2012 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.

On March 24, 2010, plaintiffs commenced this action pursuant to 42 U.S.C. § 1983, alleging, <u>inter alia</u>, that defendant "fail[ed] to process applications for, and fail[ed] to provide food stamps, Medicaid and cash public assistance to eligible families and individuals in a timely manner . . . ." Complaint [Docket Entry No. 1] at 1. On March 1, 2011, the Court "so ordered" a stipulation and order of settlement. [Docket Entry No. 40].

Before the Court are: (1) plaintiffs' motion for attorneys' fees [Docket Entry No. 43]; and (2) defendant's motion to strike plaintiffs' reply [Docket Entry No. 50]. The Court has carefully reviewed the submissions by both parties. As discussed below, plaintiffs' motion for fees in the amount of $261,632.44 and costs in the amount of $4,318.47 is granted, and defendant's motion to strike is denied.

1

I.  Background

On July 14, 2011, plaintiffs moved, as the "prevailing party," for an award of attorneys' fees, costs, and disbursements in the amount of $291,054.20. [Docket Entry No. 43]. Defendant does not dispute the fact that plaintiffs are entitled to a fee award in some amount, but argues that the amount requested is excessive. Defendant has objected to: (1) counsel's hourly billing rate; (2) the amount of time spent on particular tasks; (3) the billing rate for attorney travel time; and (4) plaintiff's inclusion of work performed before the actual commencement of litigation. See Defendant's Brief in Opposition [Docket Entry No. 47] at 4-12. Defendant also argues that the "documentary backup" provided by plaintiffs is insufficient to support the amount of fees requested. Id. at 1. In their original reply, plaintiffs acknowledged that certain downward adjustments would be appropriate, and revised the amount requested to $266,091.60 in fees and $4,318.47 in costs. [Docket Entry No. 49-1 at ¶ 46].

The Court subsequently requested supplemental briefing from defendant, which was filed on February 29, 2012. Plaintiffs filed opposition to defendant's supplemental brief on March 14, 2012. Citing a data entry error, plaintiffs again revised the amount of fees requested, this time to $261,632.44. [Docket Entry No. 55 at ¶¶ 50-51].

II.  Analysis

A.  Defendant's Motion to Strike

As an initial matter, defendant argues that plaintiffs' original reply "impermissibly seeks

2

to introduce new material and arguments." Defendant seeks to strike the reply in its entirety or, in the alternative, to the extent it introduces new material. [Docket Entry No. 50].

The Court generally will not consider arguments or issues first presented in a reply brief. See, e.g., Friedlander v. Port Jewish Ctr., 588 F.Supp.2d 428, 430 (E.D.N.Y. 2008); Johnson & Johnson v. Guidant Corp., 525 F.Supp.2d 336, 359 (S.D.N.Y. 2007). However, defendant's motion fails to identify any new or improper arguments in the reply, and the Court has located none. Defendant's motion to strike is therefore denied.

B.  Attorneys' Fees Pursuant to 42 U.S.C. § 1988

"Under § 1988, when a party succeeds on a § 1983 claim, 'the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.'" Kirk v. N.Y. State Dept. of Educ., 644 F.3d 134, 137 (2d Cir. 2011) (quoting 42 U.S.C. § 1988(b)). "[P]laintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Id. (quoting Farrar v. Hobby, 506 U.S. 103, 109, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). "To qualify for attorney's fees, there must be a 'judicially sanctioned change in the legal relationship of the parties.'" Id. (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Educ., 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)).[1]

In calculating a reasonable fee award, the Court calculates a figure based upon the total number of hours reasonably expended in litigating the action multiplied by a reasonable hourly

---

[1] Defendant does not dispute that plaintiffs are the "prevailing party" or that they are entitled to attorneys' fees under Section 1988.

rate.[2] See, e.g., Millea v. Metro-North R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Green v. Torres, 361 F.3d 96, 99 (2d Cir. 2004); Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997). The figure should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Luciano, 109 F.3d at 115 (quoting Blum v. Stenson, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984)). "[T]he 'prevailing community' the district court should consider to determine the 'lodestar' figure is 'the district in which the court sits.'" Id. (quoting Polk v. N.Y. State Dep't of Correctional Servs., 722 F.2d 23, 25 (2d Cir. 1983)). Since this litigation was commenced and litigated in the Eastern District of New York, the Court looks to the prevailing rates within the Eastern District.

"The reasonableness of a fee award does not depend on whether the attorney works at a private law firm or a public interest organization . . . Nevertheless, the nature of representation and type of work involved in a case are critical ingredients in determining the 'reasonable' hourly rate." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 n.2 (2d Cir. 2008).

1.  Hourly Rate

First, defendant challenges the hourly rate sought by plaintiffs' counsel, arguing that the rates are excessive for attorneys employed by a not-for-profit organization.

---

[2] The Second Circuit has stated that "[t]he meaning of the term 'lodestar' has shifted over time, and its value as a metaphor has deteriorated to the point of unhelpfulness." Arbor Hill, 522 F.3d at 190. "What the district courts in this circuit produce is in effect not a lodestar as originally conceived but rather a 'presumptively reasonable fee.'" Id. at 189.

According to a declaration of Marc Cohan, an attorney for plaintiffs, his organization's billable rates are: three hundred seventy-five dollars ($375.00) an hour for attorneys who graduated from law school in 1975 through 1986; three hundred fifty dollars ($350.00) an hour for an attorney who graduated law school in 1992; two hundred twenty-five dollars ($225.00) an hour for an attorney who graduated law school in 2005; two hundred dollars ($200.00) for attorneys who graduated in 2003 and 2008; and one hundred fifty dollars ($150.00) an hour for several attorneys who graduated law school from 2004 through 2010. [Docket Entry No. 43-2 at 8-9]. Plaintiffs seek to bill the work of "legal assistants/interns" at eighty-five dollars ($85.00) an hour. Id.

"[A]ttorneys' fees awarded to a nonprofit legal aid organization under 42 U.S.C. § 1988 'are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel.'" NLRB v. Local 3, Int'l Bhd. of Elec. Workers, 471 F.3d 399, 406 (2d Cir. 2006) (quoting Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)); see also Arbor Hill, 522 F.3d at 184 n. 2. Courts in the Eastern District of New York have found hourly rates between two hundred dollars ($200.00) and three hundred-seventy five dollars ($375.00) to be reasonable for partner-level attorneys, see, e.g., Brown v. Starrett City Assocs., No. 09-CV-3282, 2011 WL 5118438, at *5 (E.D.N.Y. Oct. 27, 2011) ("Courts in the Eastern District have often awarded hourly rates in excess of $300 for experienced attorneys in civil rights actions."); Stair v. Calhoun, 722 F.Supp.2d 258, 274 (E.D.N.Y. 2010); Gesualdi v. Giacomelli Tile, Inc., No. 09-CV-0711, 2010 WL 1049262, at *3 (E.D.N.Y. Mar. 18, 2010), rates between one hundred dollars ($100.00) and two hundred ninety-five dollars ($295.00) to be reasonable for associate-level attorneys, see, e.g.,

Gesualdi, 2010 WL 1049262, at *3, and rates between seventy dollars ($70.00) and eighty dollars ($80.00) to be reasonable for legal assistants, paralegals, and interns, see Stair, 722 F.Supp.2d at 274-5 (citing cases).

Defendant argues that these rates are "grossly overestimated and excessive," but fails to identify particular rates exceeding that which is considered "reasonable" in the Eastern District.[3] The attorneys billing at the three hundred seventy-five dollar ($375.00) rate have been practicing for twenty-five (25) years or longer, and the attorney billing at the three hundred fifty dollar ($350.00) rate has been practicing for close to twenty (20) years. These rates are appropriate given these attorneys' level of experience. The remaining attorneys have been practicing for less than ten (10) years, and their time is billed at a rate appropriate for associate-level attorneys. See Plaintiffs' Exs. J-S. [Docket Entry Nos. 49-11-49-20]. In sum, the Court finds that plaintiffs' attorneys' billable rates are within the prevailing market rates for the Eastern District of New York.

2. Total Hours

Second, defendant objects to the total number of hours expended by plaintiffs' counsel. The Court finds that the total number of hours is reasonable given the facts and circumstances of this case.

---

[3] Defendant specifically objects to the one hundred fifty dollar ($150.00) hourly rate for Anne Marie DiNicola, a law school graduate who was admitted to the New York bar in 2010. See Def. Opp. at 11. However, the Court does not believe the one hundred fifty ($150.00) rate to be unreasonable or excessive for the work of a junior associate. See, e.g., Field Day LLC v. County of Suffolk, No. 04-CV-2202, 2010 WL 5491025, at *3-4 (E.D.N.Y. Sept. 9, 2010); LaBarbera v. United Ornamentals, Inc., No. 08-CV-2573, 2009 WL 187574, at *9 (E.D.N.Y. Jan. 26, 2009).

> In determining the hours reasonably expended, federal courts consider the following:
>
> (1) hours which reflect the inefficiency of duplication of services should be discounted; (2) hours that are excessive, unnecessary or which reflect "padding" should be disallowed; (3) legal work should be differentiated from nonlegal work such as investigation, clerical work, the compilation of facts and other types of work that can be accomplished by nonlawyers who command lesser rates; (4) time spent in court should be differentiated from time expended for out-of-court services; and (5) the hours claimed should be weighed against the court's own knowledge, experience and expertise as to the time required to complete similar activities."

Olsen v. County of Nassau, No. 05-3623, 2010 WL 376642, at *5 (E.D.N.Y. Jan. 26, 2010) (citation omitted). "The relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Id. (quoting Grant v. Bethlehem Steel Corp., 973 F.2d 96, 99 (2d Cir. 1992)). Any deductions for work that was excessive, redundant, or otherwise unnecessary "may be accounted for in an across-the-board percentage." Id. (citing Luciano v. Olsten Corp., 109 F.3d 111, 117 (2d Cir. 1997)).

Defendant's principal arguments are: (1) that too many attorneys were staffed on the case, leading to duplication of effort, see Supplemental Declaration of Pablo A. Fernandez [Docket Entry No. 53] at ¶ 22; (2) that plaintiffs' pleadings were "recycled" from previous cases, see id. at ¶ 19; (3) that the Court should deduct time expended on unsuccessful motions, see id. at ¶¶ 10-11; (4) that plaintiffs' attorneys are responsible for the length of litigation because they "insisted on maintaining a litigation stance," see id. at ¶ 37; and (5) that specific time entries are vague, see id. at ¶¶ 24-35.

Although plaintiffs do seek fees for a number of attorneys, the majority of the work was

performed by only five (5) attorneys, with only two (2) attorneys spending two hundred (200) hours or more on the case. According to the attorney declarations submitted, several of the attorneys were staffed on the case because of specific knowledge or expertise. On balance, this approach appears to be more efficient than having several less experienced attorneys take the time to educate themselves about unfamiliar subject matter. Thus, although plaintiffs do seek fees for the work of a large number of attorneys, the Court believes the staffing was reasonable and did not lead to any apparent duplication of effort.

As to defendant's contention that the pleadings are "recycled," plaintiffs' attorneys did not spend an unreasonable amount of time drafting the pleadings. Nor is there any basis for excluding the hours counsel spent drafting their discovery motions, as it does not appear that the motions were unsuccessful or unnecessary. Moreover, based upon the parties' submissions, the Court is not convinced that plaintiffs unnecessarily hindered the resolution of this case. Finally, counsel's time entries are not unreasonably vague. The examples cited by defendant, such as "[r]eply to email re: strategy" and "work with LR re monitoring docs" are sufficient to explain the nature of the work performed. See Mamiya America Corp. V. HuaYi Bros., Inc., No. 09-CV-5501, 2011 WL 1322383, at *12 (E.D.N.Y. Mar. 11, 2011) ("A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed, preferably through contemporaneous time records that describe with specificity the nature of the work done, the hours expended, and the dates.")

3. Travel Time

Defendant further argues that the attorneys' billing rate for travel time should be reduced

8

by half. Plaintiffs have agreed that this is appropriate, and have reduced their fee request accordingly. Docket Entry No. 49-1 at ¶ 44; see LV v. N.Y. City Dept. of Educ., 700 F.Supp.2d 510, 526 (S.D.N.Y. 2010) ("Courts in this Circuit regularly reduce attorneys' fees by 50 percent for travel time.").

4. Pre-Litigation Fees and Costs

Plaintiffs are "entitled to collect a reasonable amount for fees and costs incurred in initiating suit," such as drafting a complaint or developing the theory of the case. Peterson v. Continental Cas. Co., 282 F.3d 112, 121 n. 5 (2d Cir. 2002); see also Webb v. Bd. of Educ. of Dyer County, Tenn., 471 U.S. 234, 243, 105 S.Ct. 1923, 1928, 85 L.Ed.2d 233 (1985). "The question, then, is how much of the work performed prior to the filing of the complaint was useful to advance the federal claims subsequently asserted herein." Davis v. City of N.Y., No. 10 Civ. 699, 2011 WL 4946243, at *5 (S.D.N.Y. Oct. 18, 2011).

The Complaint in this action was filed on March 24, 2010. Plaintiffs seek reimbursement for a significant amount of work performed prior to that date, including investigation, research, and conferences with clients. However, the Court has reviewed these entries, and is satisfied that they were "useful and of a type ordinarily necessary to advance the civil rights litigation to the stage it reached before settlement." See Webb, 471 U.S. at 243. Accordingly, plaintiffs' attorneys may recover their fees for time spent on these tasks.

III. Conclusion

For the foregoing reasons, plaintiffs are awarded $261,632.44 in attorneys' fees and

9

$4,318.47 in costs.

**SO ORDERED.**

                                                s/ Sandra J. Feuerstein

                                                Sandra J. Feuerstein
                                                United States District Judge

Dated:        March 19, 2012
                Central Islip, New York