FILED
CLERK

2/23/2016 11:43 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARGARET DOWDELL, on behalf of
herself, MICHELLE SHRIKI, on behalf of
herself, her family, and all others similarly
situated,

       Plaintiffs,

  -against-

JOHN E. IMHOF, as Commissioner of the
Nassau County Department of Social Services,

       Defendant.
------------------------------------------------------------X

**ORDER**
10-CV-1332 (SJF) (ARL)

FEUERSTEIN, J.

    Plaintiff, Margaret Dowdell, on behalf of herself, and plaintiff Michelle Shriki, on behalf of herself, her family, and all others similarly situated ("Plaintiffs"), have filed a second motion for attorneys' fees and costs. Defendant, John E. Imhof, Commissioner of the Nassau County Department of Social Services ("Defendant"), has opposed the motion. Plaintiffs' motion for attorneys' fees and costs in the full amount of $470,821.23 is granted.

**I.    BACKGROUND**

    On March 24, 2010, Plaintiffs commenced an action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that Defendant "fail[ed] to process applications for, and fail[ed] to provide food stamps, Medicaid and cash public assistance to eligible families and individuals in a timely manner . . . ." Docket Entry No. ("DE") 1, Compl., at 1. On March 1, 2011, a Stipulation and Order of Settlement (the "Original Stipulation") was "so ordered." DE 40, Stip. and Order of Settlement. On March 19, 2012, Plaintiffs' first motion for attorneys' fees and costs ("First Fee

Motion"), for fees and expenses incurred from the commencement of the action through March 30, 2011, was granted ("First Fee Order").  DE 57, Order.

On February 15, 2013, Plaintiffs moved to hold Defendant in contempt for failing to comply with the terms of the Original Stipulation ("Motion for Contempt"), DE 58, and on March 25, 2013, Defendant moved to amend the Original Stipulation ("Motion to Amend"), DE 66; the motions were referred to a Special Master for a report on the parties' progress in implementing a corrective action plan effectuating the terms of the Original Stipulation, DE 92. The Special Master:

> [M]et and conferred [with the parties] regarding, *inter alia*, the timely processing of applications for food stamps, Medicaid and cash assistance within the time frames mandated by federal and state law, efforts to improve processing performance and processing times for benefits applications and future action to be taken to improve processing times, and efforts to design and implement methods of coding applications for benefits to help identify delays and the causes for delays.

DE 104, Settlement Findings Regarding First Am. to Stipulation and Order of Settlement ("Settlement Findings"), at 3.  Following nine (9) conferences with the Special Master, the parties "negotiated complex issues including but not limited to Defendant's obligations, monitoring, revisions to the manner in which Medicaid applications are processed, the term of the Court's jurisdiction, and the appropriate method for monitoring and enforcing Defendant's compliance with the Settlement."  *Id.* at 4.

On December 31, 2014, an order amending the Original Stipulation was issued.  DE 103, First Am. to Stipulation and Order of Settlement ("First Amended Stipulation").  On January 13, 2015, Plaintiffs filed a second motion for attorneys' fees and costs, seeking fees and costs for the period from April 1, 2011 through December 31, 2014 ("Second Fee Motion").  DE 105, Second Mot. for Attorney Fees and Costs.

## II. DISCUSSION

### A. *Standard of Review*

"Under § 1988, when a party succeeds on a § 1983 claim, 'the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.'" *Kirk v. N.Y. State Dept. of Educ.*, 644 F.3d 134, 137 (2d Cir. 2011) (quoting 42 U.S.C. § 1988(b)). "[P]laintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 109, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992)). "To qualify for attorney's fees, there must be a 'judicially sanctioned change in the legal relationship of the parties.'" *Id.* (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Educ.*, 532 U.S. 598, 605, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001)).

In calculating a reasonable fee award, the Court calculates a figure based upon the total number of hours reasonably expended in litigating the action multiplied by a reasonable hourly rate. *See, e.g.*, *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Green v. Torres*, 361 F.3d 96, 99 (2d Cir. 2004); *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997). The figure should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Luciano*, 109 F.3d at 115 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 1547 n.11, 79 L. Ed. 2d 891 (1984)). "[T]he 'prevailing community' the district court should consider to determine the 'lodestar' figure is 'the district in which the court sits.'" *Id.* (quoting *Polk v. N.Y. State Dep't of Correctional Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)). As this litigation was litigated in the Eastern District of New York, the prevailing rates are those within the Eastern District.

### B. Plaintiffs are the "Prevailing Party"

Defendant argues that because the Motion for Contempt and Motion to Amend were "settled" before the Special Master, but "never adjudicated," and "the resolution of the plaintiffs' post-judgment complaints resulted in nothing more than, at best, incremental adjustments to the [Original Stipulation]," Plaintiffs cannot be declared the "prevailing party" pursuant to 42 U.S.C. § 1988 and thus cannot seek any attorneys' fees and costs. DE 113-39, Mem. of Law of Def. ("Def.'s Opp'n"), at 3-4. According to Defendant, Plaintiffs "should be entitled to no (or at least greatly reduced) attorneys['] fees." *Id.* Defendant cites no case law to support this proposition. Moreover, and following Defendant's logic, parties may be disinclined to enter any settlements that would necessarily preclude them from otherwise seeking their fees and costs. Most importantly, Plaintiffs' actions subsequent to the Original Stipulation contributed value to the action, and Plaintiffs are declared to be the "prevailing party" pursuant to 42 U.S.C. § 1988.

### C. The Second Fee Motion is not Time-Barred

Defendant also argues that the Second Fee Motion is untimely and procedurally barred, because it was not filed within fourteen (14) days after the entry of the Original Stipulation, pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i) ("Rule 54"). DE 113-39, Def.'s Opp'n, at 9-12. Plaintiffs reply that Rule 54 does not apply in cases such as this, where a stipulation and order mandated additional judicial monitoring over an extended period of time. DE 113-45, Reply Mem. of Law, at 6-7.

Rule 54 provides that "[u]nless a statute or a court order provides otherwise, [a motion for attorneys' fees] must be filed no later than [fourteen] 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). "A 'judgment,' for purpose of the Federal Rules of Civil Procedure, is defined to 'include[] a decree and any order from which an appeal lies.' . . . [T]he

Judicial Code permits appeals only from 'final' decisions of the district court, and it is only a 'final judgment' that triggers the 14-day filing period set by Rule 54(d)(2)(B)." *Weyant v. Okst*, 198 F.3d 311, 314 (2d Cir. 1999) (internal citations omitted). "A judgment is said to be final if it conclusively determines the rights of the parties to the litigation and leaves nothing to the court to do but execute the order or resolve collateral issues." *Id.*

In the March 1, 2011 Original Stipulation, the Court "retain[ed] jurisdiction . . . for a period of twenty-four (24) months after the [eleven (11)-month] period specified in paragraph 18 . . . , at which time the Court's jurisdiction shall end and the claims against the Defendant shall be dismissed with prejudice, unless the Stipulation and Order of Settlement is extended . . . ." DE 40, Stip. and Order of Settlement, at ¶ 45. The Court's jurisdiction would have terminated on February 1, 2014. However, on December 24, 2013, Plaintiffs moved to extend the Court's jurisdiction for an additional six (6) months from the date on which the Special Master's appointment would terminate. DE 94, Mot. to Alter J. The Special Master's appointment terminated on November 18, 2014 when the parties filed a proposed amendment to the Original Stipulation. DE 97-2, Proposed Order; *see* DE 104, Settlement Findings, at ¶ 2. On December 31, 2014, the Court amended the Original Stipulation. DE 103, First Am. Stip.

The First Amended Stipulation constituted a "final judgment," because it amended the Original Stipulation by ordering substantial changes to the parties' obligations and conclusively "determine[d] the rights of the parties to the litigation and [left] nothing for the court to do but execute the order." *Weyant*, 198 F.3d at 314 (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978)). On January 13, 2015, exactly thirteen (13) days later, Plaintiffs filed the Second Fee Motion. DE 105, Second Mot. for Attorney Fees and Costs. Thus, Plaintiffs filed their Second Fee Motion within fourteen (14) days after the entry of

final judgment, or the First Amended Stipulation, as mandated by Rule 54, and the Second Fee Motion is timely.

### D. *The Second Fee Motion is not Contractually Barred*

Defendant argues that the Second Fee Motion is also contractually barred pursuant to Paragraph Thirty-Nine (39) of the Original Stipulation. DE 113-39, Def.'s Opp'n, at 13. Paragraph Thirty-Nine (39) provides that:

> Plaintiffs' counsel shall submit a request for attorney's [sic] fees and costs to Defendant within 45 days from the entry of the 'so ordered' Stipulation and Order of Settlement. . . . If the parties are unable to agree to an award of fees and costs within 45 days of the submission of their demand for fees and costs . . . , then Plaintiffs may, within 60 additional days, file a bill of costs and motion for attorney's [sic] fees and costs with the Court, pursuant to 42 U.S.C. § 1988.

DE 40, Stip. and Order of Settlement, at ¶ 39.

Paragraph Thirty-Nine (39) does not preclude Plaintiffs from seeking additional attorneys' fees, or "fees-on-fees," after the First Fee Motion; the Paragraph is silent on the issue of fees-on-fees that are permitted in 42 U.S.C. § 1988 actions. *See DeMartino v. Kruger*, Nos. 09-cv-119, 09-cv-305, 09-cv-2578, 2010 WL 3619617, at *1 (E.D.N.Y. Apr. 9, 2010) (report and recommendation) ("So-called 'fees-on-fees' are permitted in motions for attorney's [sic] fees under 42 U.S.C. § 1988."), *adopted in part and rejected in part on other grounds*, 2010 WL 3614920 (E.D.N.Y. Sept. 10, 2010). Because Defendant's interpretation of Paragraph Thirty-Nine (39) is unsupported by either case law or the terms of the Original Stipulation, Defendant's argument is without merit.

### E. *Plaintiffs' Fees and Costs are "Reasonable"*

Defendant argues that Plaintiffs' fees and costs totaling $470,821.23 are not "reasonable" pursuant to 42 U.S.C. § 1988(b). DE 113-39, Def.'s Opp'n, at 4-6. Defendant argues that: 1) Plaintiffs' billing entries and descriptions of tasks performed are vague; 2) the total attorneys'

6

fees are excessive; 3) Plaintiffs have added only nominal value to the action since the Original Stipulation was entered; and 4) Plaintiffs' time sheets are not organized. *Id.*; DE 113-26, Decl. of Joseph Covello ("Covello Decl.").

Plaintiffs' billing entries and task descriptions are adequately detailed to support an award of attorneys' fees. In addition, Plaintiffs' counsel's additional work added substantial value to the action following entry of the Original Stipulation. Plaintiffs made good-faith efforts to reduce the total amount of their attorneys' fees by hiring *pro bono* counsel to assist them in collecting outstanding fees and costs from Defendant after the First Fee Order. DE 113-1, Decl. of Marc Cohan ("Cohan Decl."), at ¶ 76. Plaintiffs' counsel also assigned work to minimize the total amount of attorneys' fees. *Id.* at ¶ 87 ("In this case, work was assigned to attorneys based on their prior experience, skill level, and the needs of the case. Thus, where practicable, the most senior level counsel did not perform legal research, draft pleadings and declarations, review monitoring reports and sampling data entry, interview class members, or appear at court proceedings. This was done by less experienced counsel while more senior counsel attended court appearances and Special Master conferences, negotiated settlements, and developed case strategy."). Attorneys' fees were also reduced by removing billing entries where "attorneys in excess of two [2] from each office [were] present during telephone calls and meetings with defendant's counsel." *Id.* at ¶ 91. Plaintiffs' fees and costs are reasonable, and Defendant has not raised a viable argument for why this Court should exercise its discretion to reduce the total amount of fees and costs incurred.[1] *See* 42 U.S.C. § 1988.

---

[1] The remainder of Defendant's arguments are also without merit. Defendant argues that: 1) attorneys' fees not included in the First Fee Motion are waived; and 2) Plaintiffs' efforts to collect from Defendant the outstanding fees and costs ordered by the First Fee Order were unreasonable. DE 113-39, Def.'s Opp'n, at 8, 14. Defendant does not cite any case law to support either argument, and they are, in any event, without merit.

## III. CONCLUSION

For the reasons stated above, Plaintiffs are awarded $470,821.23 (consisting of $470,088.70 in attorneys' fees and $732.53 in costs) incurred between April 1, 2011 and December 31, 2014.

**SO ORDERED.**

                                        s/ Sandra J. Feuerstein
                                        Sandra J. Feuerstein
                                        United States District Judge

Dated: February 23, 2016
        Central Islip, New York